**XIANG GUANG LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto Gonzales, Respondents.**

No. 05–1456–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi; Angela D. Givens; Assistant United States Attorney, Jackson, MS, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiang Guang Lin, a native and citizen of the People's Republic of China, seeks review of a March 10, 2005 order of the BIA affirming the November 3, 2003 decision of Immigration Judge ("IJ") Noel A. Ferris denying his applica-tion for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Guang Lin,* No. A77 322 388 (B.I.A. Mar. 10, 2005), *aff'g* No. A77 322 388 (Immig. Ct. N.Y. City Nov. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly adopt the IJ's decision, but its opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opin-ions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews *de novo* questions of law and the application of law to undisput-ed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, this Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to con-clude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). This Court's review of the IJ's factual determinations is thus highly deferential; the "IJ's eligibility determinations can be reversed only if the evidence presented ... was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed." *INS v. Eli-as–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

As to Lin's family planning-based claim, Lin introduced no evidence of past perse-cution, nor did he claim that he was sub-jected to or threatened with sterilization or any other coercive family planning meas-ure. Lin's claim rests on the assumption that he may one day marry, have more than one child, and thus be subjected to sterilization if returned to China. Because Lin failed to present any particularized

evidence to substantiate his fear, the IJ reasonably denied his claim as speculative. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005); *see also Xia J. Lin v. Ashcroft,* 385 F.3d 748, 757 (7th Cir.2004) (noting that asylum will not be available to all applicants who claim, without any particularized showing, that they might, if returned to China, be subject to coercive family planning measures).

As to Lin's claim that he would be subject to persecution for his illegal departure from China, the record indicates that Chinese law allows for imposition of a sentence of imprisonment on a person who illegally departs the country, but the possibility that an individual may be punished for violating a generally applicable statute does not, by itself, establish eligibility for asylum. *See Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam). Because Lin failed to establish his eligibility for asylum, the IJ properly concluded that Lin did not satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang,* 386 F.3d at 71.

Substantial evidence also supports the IJ's denial of Lin's CAT claim, given his failure to present evidence that would compel the conclusion that someone in his "particular alleged circumstances" was more likely than not to be tortured, solely because he departed China illegally. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).